FRANCIS B. BALDWIN, AS COUNTY TREASURER, ETC., APPELLANT, *v* CHARLES H. CRARY, KATE COVERT, MARY V. STRATTON, ELIZABETH J. STRATTON AND OTHERS, RESPONDENTS.

*Trust funds — power of the county treasurer to invest and reinvest the same — he may release portions of the premises described in a mortgage, although no payment be made thereon.*

Certain moneys were deposited with the county treasurer of Kings county, in pursuance of a judgment of the court, which directed him to invest the same for the benefit of a tenant for life. Thereafter, without any special direction from the court, he loaned a portion of the said moneys to one Crary, and received from him a bond and mortgage to secure the repayment thereof. Subsequently, and without any direction from the court, the county treasurer released portions of the premises described in the mortgage from the lien thereof, without receiving any payment from Crary. The portions so released were thereafter mortgaged by Crary to other persons to secure moneys loaned to him by them.

An action was brought to foreclose the mortgage given to the county treasurer, as against that portion of the real estate not released, and a deficiency having arisen thereon, this action was subsequently brought by the successor in office of the former county treasurer, to have the said releases declared void and the premises described therein sold under the original mortgage.

*Held,* that the county treasurer had power to execute the said releases, and that this action could not be maintained.

APPEAL from a judgment dismissing the complaint, entered upon the trial of this action at a Special Term.

*Leon Abbett,* for the appellant.

*Henry A. Monfort,* for Kate Covert, respondent.

*Edward M. Scudder,* for Mary V. and Elizabeth J. Stratton, respondents.

DYKMAN, J.:

There was an action for the partition of land formerly of John Firth, which eventuated in a sale; and in pursuance of a provision in the judgment $3,953.60 was paid out of the proceeds to the county treasurer of Queens county to be invested by him for the benefit of Sarah Emily Firth, the widow of John Firth, who was

to receive the interest thereon during her life for her right of dower in the premises.

The judgment in partition was entered January 26, 1867. On the 18th day of February, 1868, Charles A. Roe, the county treasurer who had received the money, loaned $3,500 thereof to James T. Crary on bond and mortgage without any special direction. Thereafter on the 2d day of November, 1872, Charles A. Roe as such county treasurer released a portion of the mortgaged premises from the operation of the mortgage by deed of release duly executed, dated on that day and recorded December 14, 1872.

On the 11th day of November, 1873, George W. Bergen, then the county treasurer of Queens county, released another portion of the same mortgaged premises from the operation of the mortgage by deed of release duly executed, dated on that day and recorded January 25, 1875.

These releases were both executed without direction from the court and without the knowledge of the beneficiaries.

On the 4th day of November, 1872, Mary V. Stratton loaned to James T. Crary $2,200 on his bond, and a mortgage on the premises released by County Treasurer Roe, which mortgage was duly recorded December 5, 1872. This mortgage is still outstanding.

On the 20th day of January, 1875, Kate Covert loaned to James T. Crary $1,500 on his bond secured by a mortgage on the premises released by County Treasurer Bergen. This mortgage was afterwards foreclosed and Kate Covert became the purchaser about November, 1879.

In the year 1878 the original mortgage was foreclosed by the then county treasurer of Queens county and the unreleased portion of the mortgaged premises were sold under the judgment. That was all the relief prayed for in that action.

Now this action is brought to have the two releases declared void, and to have those two parcels so released sold under the original mortgage. The complaint sets up all the facts and they were proven on the trial, but the complaint was dismissed.

Is the plaintiff entitled to the relief he seeks in this action? The original investment of the $3,500 was made by the county treasurer in the direct line of his duty and in the ordinary course of business in his office. He possessed power and authority to receive the mort-

gage and to satisfy the same of record if it had been paid. He had power and authority to receive payment in part or in whole, and in his official capacity to collect it when due, and institute an action for that purpose; nay more, it was the duty of the county treasurer to invest this money and continue to do so, and that implies all power necessary to deal with it. If any portion of it had been paid he would be obliged to satisfy the mortgages as he possessed power to discharge the mortgage from the record entirely, so he might, by release, discharge it in part or release portions of the premises from its operation.

Honest loans were made on the faith of these releases, which we found on the records, and the mortgagees should be protected.

All county treasurers now perform the duties undertaken by the treasurers in this case. They invest and collect and reinvest trust funds and use all the ordinary modes of transacting such business, and all is done in their official capacity and subject to official and personal responsibility for mal-administration. We do not think the statutes invoked by the appellants have application to the case.

The judgment should be affirmed, with costs.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Judgment dismissing complaint affirmed, with costs.